UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGINA JOHNSON, ON BEHALF OF HERSELF,
INDIVIDUALLY AND ON BEHALF OF ALL
SIMILARLY SITUATED PERSONS                              PLAINTIFF

V.                        CIVIL ACTION NO.    4:21cv62-MPM-JMV

UNIVERSITY OF MISSISSIPPI AND
CLAY JONES, Individually And In His
Capacity As Director Of Human Resources                         DEFENDANT

## COMPLAINT

### I. NATURE OF CLAIM

1. The University Of Mississippi (UOM), widely touted as the premiere university in Mississippi, has been engaging in deplorable discrimination that has remained largely off the record. Unbeknownst to the world at large, not only is the UOM student population overwhelmingly white, the UOM workforce and employees are also overwhelmingly white. In furtherance of its lack of diversity goals, UOM's discriminatory practices, UOM has created and knowingly perpetuated a workplace rife with racial disparities. Unfortunately, UOM's leadership and staff has systematically become increasingly younger and whiter. In addition, there are notable and sharp disparities in wages for minority and female employees, as compared to white, male employees at UOM . Plaintiff, Regina B. Johnson, ("Class Representative") was employed in UOM's Department of Human Resources and she

personally experienced age, gender and race discrimination and was retaliated against, when she complained about such obvious and blatant racial discrimination in the UOM workforce and in the Human Resource Department.

2. The workplace at UOM has become an environment rife with discrimination based on age, race, gender and retaliation.

3. UOM has permitted and encouraged, through its policies, practices, preferences, and supervisoral appointments, a culture of discrimination that permeates all areas and levels of UOM, including its Human Resources Department.

4. Following allegations of age, race, gender discrimination and retaliation in the UOM workforce and the Human Resources Department exhibited the manner in which allegations are handled–drag the investigation out over a seven (7) month time frame, while the Charging Party is demoted and forced to retire. After plaintiff was removed as the head of the UOM Human Resources Department, by her white boss, her job duties were split between Craig Richmond (29-30 years old), a white male and Desha Ferguson, a white female age 40-41. The replacement of plaintiff by a younger male and female constitutes a prima facie case of age and sex discrimination.

5. Unfortunately, the investigation of plaintiff's claims is part of a pattern of discrimination-oriented decision-making at UOM and the logical and expected result of an

institution dominated by white male leadership.

6. Gender inequality is endemic at UOM. UOM's male-dominated atmosphere stereotypes women and pigeonholes them into roles that are perceived to be in their interest. An ecological regression analysis study will demonstrate and show that UOM has gender, age and race gaps.

7. At UOM, age, gender and race discrimination has become a modus operandi, with age, race and gender related filed on at least eight (8) times since 2008, as follows:

| CASE STYLE & CIVIL ACTION NO. | CLAIMS | DATE FILED |
|---|---|---|
| Robert C. Speth v. Univ. of Miss., et. al. 3:08-cv-00133-SAA-SAA | - Civil Rights Violation (42 USC 1983)<br>- Breach of Contract<br>- Civil Conspiracy<br>- Respondeat Superior | 12/12/08 |
| Mozaina Kobaisy v. Univ. of Miss., et. al. 3:11-cv-00151-NBB-SAA | - National Origin Discrimination | 11/30/11 |
| Ginger R. Walton v. Univ. of Miss., et. al. 3:12-cv-00024-GHD | - Race Discrimination<br>- Retaliation<br>- Wrongful Termination | 02/28/12 |
| Edward Seals, Jr. v. Univ. of Miss., et. al. 4:12-cv-00069-SA-JMV | - Breach of Contract<br>- Due Process Violations<br>- Constitutional Violations | 07/25/12 |
| Billie Carolyn Hill v. Univ. of Miss. 3:12-cv-00063-GHD-SAA | - Race Discrimination<br>- Retaliation<br>- Wrongful Termination | 04/04/13 |
| Richard Thomas v. Noel Wilkins, et. al. 3:18-cv-00062-GHD-RP | - Due Process Violations<br>- Breach of Contract | 01/30/19 |
| Samuel Seay v. Univ. of Miss., et. al. 3:20-cv-00265-DMB-RP | - Disability Discrimination | 09/24/20 |
| Joshhhua Sisco v. Univ. of Miss., et. al. 3:21-cv-00059-DMB-RP | - Disability Discrimination | 03/19/21 |

8. An ecological regression analysis performed on UOM's latest five (5) years of EEO4

data and a study of the employees who have filed discrimination claims against UOM will reveal race, age, gender and retaliation discrimination. Plaintiff needs discovery from UOM in order to perform an ecological regression analysis, by well qualified and recognized social scientists, in this area.

9. Disparities in compensation caused by and owing to unconscious or conscious bias at UOM will reveal staggering gaps in pay that directly correlate to race, age, gender and retaliation.

10. In addition, people of color are overrepresented in low-wage jobs at UOM, and are highly underrepresented in high-wage positions at UOM.

11. Women also are disproportionately paid poorly, and their pay gaps increase with tenure (and, correspondingly, age). For women who have been at UOM for more than 20 years, they earn substantially less than what the average male member of similar tenure earns.

12. Women are similarly overrepresented in low-wage and part-time/temporary positions at UOM.

13. Instead of taking affirmative, decisive steps to immediately eliminate these pay disparities, like many other universities and colleges across America that have similarly treated their workers discriminatorily, UOM has chosen to not perform ecological studies based on race, age and gender discrimination or has undertaken its own study, presumably in order to

attempt to explain away its prior discriminatory actions, and allow them to continue.

14. This class action seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress UOM's unlawful employment practices, including unlawful discrimination, against plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

15. As set forth below, plaintiff and classes of similarly situated older, African American and/or female current and former employees of UOM are victims of discriminatory barriers to equal opportunity advancement, which has included the unlawful denial of promotions, compensation commensurate with younger white employees, and equality with respect to the terms and conditions of their employment, including, in many cases, the termination of such employment.

16. UOM's compensation, assignment and promotion policies, practices and/or procedures incorporate the following discriminatory practices: (a) failing to compensate older, African American and/or female employees the same as similarly situated younger, white and/or male employees; (b) failing to promote older, African American and/or female employees at the same rate and on the same terms and conditions as similarly situated

younger, white and/or male employees; (c) relying on subjective judgments, procedures and criteria which permit and encourage the incorporation of racial-, age- and/or gender-based stereotypes and bias by UOM's predominantly white managerial and supervisory staff in making compensation, assignment, promotion and termination decisions; (d) generally refusing to provide equal terms and conditions of employment for older, African American, and/or female employees; and (e) selecting and accepting older, African American and/or female employees for "buyouts" as part of UOM-wide layoffs at rates that are statistically unlikely to have occurred by chance.

17. On September 26, 2019, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Memphis, Tennessee. On February 16, 2021 the EEOC issued Mrs. Regina B. Johnson a Notice of the Right to Sue.

18. This is a civil action is filed to redress employment discrimination based on race, gender, age and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. §1981 and 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

19. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3) and (4) to secure declaratory relief authorized by 28 U.S.C. §§2201 and 2202 and equitable relief authorized by 42 U.S.C. §1981, 42 U.S.C. §§2000e et seq. And 42 U.S.C. § Venue lies

in this Court in the Northern District of Mississippi pursuant to 42 U.S.C. § 2000e-5(f)(3).

## III. JURISDICTIONAL PREREQUISITES

20. On February 22, 2020, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") and has received her Dismissal and Notice of Rights dated February 16, 2021. (See Exhibit 1.) Her civil action is filed within ninety (90) days.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and (b)(2) on her own behalf and on behalf of all other similarly situated African American persons employed by UOM. The members of the class include all future, current and former full-time, permanent, temporary and part-time employees.

22. The members of this class, which has at least 150 members, are too numerous to be joined as individual plaintiffs in this action.

23. Plaintiff is an African American female who was formerly employed by UOM as the senior assistant director of human resources, who was hired on December 17, 1993 and who has experienced racial discrimination in one or more of the following areas of UOM's operations: initial assignments, promotions, compensation, opportunities for upward mobility and other terms and conditions of employment, pursuant to UOM's policy or practice of

limiting employment opportunities for women, minorities and African Americans, as set forth in succeeding paragraphs herein. Her claim is typical of all the potential class members' claims of employment discrimination by UOM. The plaintiff will fairly and adequately protect the interests of the class in this action for declaratory, injunctive and equitable relief.

24. Plaintiff's attorney is well qualified and able, with extensive experience in class-wide-employment discrimination litigation.

25. The questions of law common to the class are whether or not UOM's policies and practices with respect to initial assignments, promotions, opportunities for upward mobility, compensation and other terms and conditions of employment deprive or have deprived the members of the class of rights secured to them by the laws of the United States and of the State of Mississippi.

26. UOM has acted or refused to act, on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole.

## V. PLAINTIFF

27. Plaintiff is an African American female who was an employee of UOM since December 17, 1993 and was the senior assistant director of human resources until her forced termination on June 30, 2020. On information and belief, similarly situated and less qualified

8

Whites are not forced by UOM to end employment in temporary positions.

## VI. DEFENDANT

28. UOM is and was the employer of the plaintiff at all relevant times relevant to this action. The defendant is an employer within the meaning of 42 U.S.C. §2000e(b) and 42 U.S.C. §1983 and employs more than 500 individuals.

29. Clay Jones is the Director of Human Resources at UOM and had direct and personal participation and involvement in the termination of plaintiff's employment.

## VII. STATEMENT OF CLASS CLAIMS

30. Since plaintiff's date of hire on December 17, 1993, UOM has maintained a pattern and practice of discriminating against African Americans on the basis of race, gender, age and retaliation with respect to employment opportunities at UOM in Oxford, Mississippi, which is manifested in the following ways, among others:

(a) UOM hires African Americans almost exclusively for, or makes initial assignments of newly hired African American employees almost exclusively to, low paying jobs offering limited compensation and opportunities for advancement, irrespective of their qualifications, while UOM hires whites or initially assigns newly hired whites into jobs with higher salaries and better opportunities for promotion and advancement, including but not limited to high paying jobs. Plaintiff needs to discover UOM's EEO4 reports for the past several years to perform

an ecological regression analysis to prove and substantiate UOM's systemic racial discrimination in employment.

(b) UOM fails, on account of race, to inform qualified African American employees of managerial, supervisory and higher paying job openings, to recruit African American employees for such positions, or to permit them to transfer to such positions although defendant regularly makes these opportunities available to white employees.

(c) UOM fails to apply objective job-related criteria for promotions uniformly to African Americans and whites and refuses, on account of race, to promote qualified African American employees to non-exempt, supervisory, managerial and high paying positions.

(d) UOM refuses, on account of race, to promote African American temporary or part-time employees to full-time/permanent positions.

(e) UOM refuses, on account of race, to compensate African American employees on the same basis or at the same rate of pay as similarly situated white employees.

(f) In order to deter, discourage and prevent African American employees from applying for, obtaining promotion to or remaining in non-exempt, supervisory, managerial or high paying positions, or from complaining about defendant's discriminatory policies and practices, UOM terminates, demotes and reprimands African American employees for behavior for which similarly situated whites are not terminated, demoted or reprimanded and

tolerates or encourages racially charged and hostile remarks and actions toward such African American employees by co-workers and supervisors.

(g) UOM maintains a work environment and atmosphere that is unsupportive of and hostile to African American employees, especially those who express concern about equal employment opportunities within UOM's facilities.

(h) As of the date of filing of this Class Action Complaint, UOM's employment of African Americans in its total workforce is radically discriminatory within the meaning of the Title 7 and 42 U.S.C. §1983.

31. The class on whose behalf this action is brought has been injured by UOM's policies and practices described above and the named plaintiff has been injured by one or more of the manifestations of that policy and practice described above.

## VIII. CLAIM ONE - SECTION 703 OF TITLE VII

32. Plaintiff adopts and realleges paragraphs 1-30, as if set out in full herein.

33. The employment actions and conduct of UOM violate plaintiff's rights guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., in particular the right not to be discriminated against on the basis of race in initial assignments, promotions, compensation or with respect to terms, conditions and privileges of employment, 42 U.S.C. § 2000e-2(a)(1), and not to be limited, segregated or classified by race. 42

U.S.C. §2000e-2(a)(2).

## IX. CLAIM TWO - SECTION 1981

34. Plaintiff adopts and realleges paragraphs 1-32, as if set out in full herein.

35. The employment actions and conduct of UOM violate plaintiff's rights guaranteed by the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended, to make and enforce contracts without regard to race.

## X. CLAIM THREE - SECTION 704 OF TITLE VII

36. Plaintiff adopts and realleges paragraphs 1-34, as if set out full herein.

37. The employment actions and conduct of UOM violate the rights of plaintiff (and the rights of similarly situated class members) not to suffer retaliation for engaging in protected conduct under Section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), in particular the right not to be discriminated or retaliated against for opposing unlawful employment practices and/or for filing a charge which alleges unlawful employment practices.

## XI. CLAIM FOUR- 42 U.S.C. § 1983

38. Plaintiff adopts and realleges Paragraphs 1-36, as if set out full herein.

39. The employment actions and conduct of UOM violate the rights of plaintiff (and the rights of similarly situated class members) not to suffer retaliation for engaging in protected conduct under Section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

3(a), in particular the right not to be discriminated or retaliated against for opposing unlawful employment practices and/or for filing a charge which alleges unlawful employment practices.

## XII. RELIEF

40. WHEREFORE, plaintiff respectfully requests that this Court rules and determines that this civil can be properly maintained as a class action and thereafter:

(a) Issue a declaratory judgment that UOM wrongs complained of herein violate the rights of plaintiff and the class members guaranteed by Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1866;

(b) Issue a permanent injunction:

(i) requiring UOM to abolish and eradicate racial discrimination within each department or division within UOM facility and for every position by means of an affirmative action plan, giving preference to incumbent members of the class, and to establish goals and timetables for the training, hiring, placement, promotion and transfer of African American employees.

(ii) requiring UOM to pay African Americans salary and wages comparable to that of similarly situated White employees.

(iii) requiring UOM to refrain from using different criteria for making promotions and initial assignments of African American employees than are used for making

promotions and initial assignments of white employees.

(iv) requiring UOM to take all action necessary to ensure that all of the provisions of the applicable fair employment laws are and will be complied with and that the effects of past unlawful discrimination by UOM are eradicated, including but not limited to (1) development, implementation and dissemination of a fair employment policy which reflects the requirements, spirit and purpose of all applicable fair employment laws; (2) education and training of all UOM's officers, managers, agents and other employees involved in personnel decisions in a manner adequate to ensure that all such persons understand and abide by the fair employment policy; (3) development and implementation of policies and procedures to ensure that African Americans enjoy on a fair and nondiscriminatory basis full participation in employment opportunities and benefits provided by UOM, including but not limited to developing plans designed to assure that African American persons are fully and fairly represented in management and other decision-making processes of UOM.

(v) requiring UOM to provide plaintiff and class members full relief for the wrongs committed against them including, as appropriate, reinstatement with back pay and interest as well as allowances, seniority, tenure status and retirement benefits to which plaintiffs would have been entitled but for the wrongful acts complained of herein.

(c) Award plaintiff reasonable attorneys' fees and costs incurred, pursuant to 42 U.S.C.

§§ 1988, 2000e-5(k) and 42 U.S.C. §1983.

(d) Grant plaintiff and class members all other relief as the Court may deem necessary or appropriate.

SO COMPLAINED this the 14th day of May, 2021.

          RESPECTFULLY SUBMITTED,
          REGINA JOHNSON, Plaintiff

      BY:   s/Ellis Turnage
          ELLIS TURNAGE, Attorney for Plaintiff

OF COUNSEL:

Hon. Ellis Turnage, MSB# 8131
TURNAGE LAW OFFICE
108 North Pearman Avenue
Post Office Box 216
Cleveland, Mississippi 38732
Tel: (662)843-2811
Fax: (662)843-6133
eturnage@etlawms.com

15