IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGINA JOHNSON, ON BEHALF OF HERSELF
INDIVIDUALLY AND ON BEHALF OF ALL
SIMILARLY SITUATED PERSONS     PLAINTIFF

V.     CIVIL ACTION NO. 4:21-cv-00062-DMB-JMV

UNIVERSITY OF MISSISSIPPI AND
CLAY JONES, Individually and in His
Capacity as Director of Human Resources     DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants University of Mississippi (the "University") and Clay Jones ("Jones") (collectively "Defendants") state the following affirmative defenses and otherwise responds to the allegations of Plaintiff's Complaint:[1]

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which this Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Any adverse employment action of which Plaintiff complains was made based on reasonable factors other than Plaintiff's sex, race, or age for legitimate, non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Defendants acted in good faith with respect to Plaintiff and made decisions with respect to Plaintiff in compliance with established policies and procedures.

### FOURTH AFFIRMATIVE DEFENSE

---

[1] Defendants have also filed a Motion to Dismiss certain of Plaintiff's claims, but also submit this pleading out of an abundance of caution.

The business judgment rule bars Plaintiff's claims.

FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims one or more University employees engaged in unlawful harassment, the University took reasonable steps to prevent and promptly correct harassment in the workplace, and Plaintiff unreasonably failed to take advantage of the University's preventive or corrective measures.

SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that she sustained damages because of Defendants' conduct, Plaintiff failed to make reasonable efforts to mitigate her damages.

SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, Defendants invoke all protections of the U.S. and Mississippi Constitutions, as well as MISS. CODE ANN. §11-1-65.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted in whole or in part from her own actions, or the actions of a third party for which Defendants are not legally responsible.

NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead all relevant federal law limitations on liability and damages which may apply to Plaintiff's claims.

TENTH AFFIRMATIVE DEFENSE

Defendants deny that any prohibited factor motivated the alleged employment actions of which Plaintiff complains. Even if Plaintiff presents proof of a prohibited factor, however, Defendants would have taken the same action absent such motivation.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any discriminatory or unlawful conduct or motivation on the part of the ultimate decision maker.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies with respect to some or all of her claims, including but not limited her putative class action claims. Further, to the extent Plaintiff's and/or the putative class members' claims raise matters that are not within the scope of any charge Plaintiff allegedly filed with the Equal Employment Opportunity Commission, the Court lacks jurisdiction with respect to any such matters.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Clay Jones is entitled to qualified immunity with respect to some or all of Plaintiff's claims.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to make a prima facie case of discrimination.

FIFTEENTH AFFIRMATIVE DEFENSE

The University is immune from suit under the Eleventh Amendment to the U.S. Constitution.

SIXTEEENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims (including claims for attorney's fees) are barred, in whole or in part, to the extent Plaintiff lacks standing, cannot sufficiently represent the interests of the putative class members, has not suffered harm, and/or will not suffer any imminent and irreparable harm because of any alleged actions or conduct by Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by the equitable doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The same supervisors who are accused of discrimination, harassment, and/or retaliation hired and/or promoted plaintiff and/or the members of the putative class.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity prior to the purported retaliation claimed by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's and/or the putative class members' claims cannot be certified as a class action because Plaintiff cannot satisfy the prerequisites for certification: the putative class does not meet the numerosity requirements under FED. R. CIV. P. 23; there are no common questions of law or fact; Plaintiff's claims are not typical of the claims asserted by putative class members; Plaintiff is not an adequate class representative; individual issues of liability/damages predominate over any issues common to the putative class; and/or the proposed class cannot be certified as pleaded.

### TWENTIETH AFFIRMATIVE DEFENSE

The certification of this case as a class action would violate due process and the Federal Rules of Civil Procedure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff or any other class member asserts that an employment action was taken pursuant to a pattern or practice of discrimination, Defendants affirmatively state that all such actions were taken for lawful reasons.

ANSWER

Having pled affirmatively and reserving the right to amend its affirmative defenses, Defendants respond to Plaintiff's specific averments as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendants admit the listed lawsuits were filed. Defendants deny the remaining averments of Paragraph 7.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Defendants deny this allegation.

13. Denied.

14. Defendant admits Plaintiff seeks certain relief, Defendants deny Plaintiff or any other person is entitled to any relief whatsoever.

15. Denied.

16. Denied.

17. Upon information and belief, admitted.

18. Defendant admits Plaintiff seeks certain relief, Defendants deny Plaintiff or any other person is entitled to any relief whatsoever.

19. Upon information and belief, admitted.

20. Upon information and belief, admitted.

21. Defendants admit Plaintiff purports to bring a class action suit, but they deny the remaining averments of Paragraph 21. Defendants specifically deny Plaintiff meets the requirements to maintain a class action under FED. R. CIV. P. 23.

22. Defendants admit Plaintiff purports to bring a class action suit, but they deny the remaining averments of Paragraph 22. Defendants specifically deny Plaintiff meets the requirements to maintain a class action under FED. R. CIV. P. 23.

23. Defendants admit Plaintiff is an African American female, that she was formerly employed as Senior Assistant Director of Human Resources at the University, and that she was originally hired by the University on or about December 17, 1993. Defendants deny the remaining averments of Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny them.

25. Denied.

26. Denied.

27. Defendants admit Plaintiff is an African American female, that she was formerly employed as Senior Assistant Director of Human Resources at the University, and that she was originally hired by the University on or about December 17, 1993. Defendants deny the remaining averments of Paragraph 27.

28.     Defendants admit the University previously employed Plaintiff, that it employs more than 500 people. Defendants deny the remaining averments of Paragraph 28.

29.     Defendants admit Clay Jones was formerly the Director of Human Resources at the University, but they deny the remaining averments of Paragraph 29.

30.     Defendants deny the averments of Paragraph 30 and each of its subparts (a) through (h) in their entirety.

31.     Denied.

32.     Defendants incorporate their responses to the prior paragraphs.

33.     Denied.

34.     Defendants incorporate their responses to the prior paragraphs.

35.     Denied.

36.     Defendants incorporate their responses to the prior paragraphs.

37.     Denied.

38.     Defendants incorporate their responses to the prior paragraphs.

39.     Denied.

40.     Defendants deny class certification is appropriate. Defendants specifically deny Plaintiff or any other person is entitled to any relief of any kind from the University, including but not limited to the relief sought in Paragraph 40 and all subparts thereof.

FOR THESE REASONS, Defendants request that this Court dismiss Plaintiff's claim with prejudice, grant judgment in favor of Defendants, tax all costs to Plaintiff, and award Defendants their attorney fees. Defendants request such other relief as appropriate under the circumstances.

This the 5th day of August, 2021.

Respectfully submitted,

THE UNIVERSITY OF MISSISSIPPI AND CLAY JONES

*/s/ Paul B. Watkins, Jr.*
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
BREANNA F. G. YOUNG (MB NO. 105536)
ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com
byoung@mayomallette.com