IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGINA JOHNSON, ON BEHALF OF HERSELF,
INDIVIDUALLY AND ON BEHALF OF ALL
SIMILARLY SITUATED PERSONS                                    PLAINTIFF

V.                                CIVIL ACTION NO. 4:21-cv-00062-DMB-JMV

UNIVERSITY OF MISSISSIPPI AND
CLAY JONES, Individually And In His
Capacity As Director Of Human Resources                      DEFENDANTS

PLAINTIFF'S MEMORANDUM OF AUTHORITIES
IN SUPPORT OF PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Comes now, plaintiff Regina Johnson, pursuant to L.U. Civ. R. 7(b)(4) and files her memorandum of authorities in support of her response in opposition to defendants' motion to dismiss and states as follows:

I. Introduction

In this civil action, Regina Johnson, on her own behalf individually and on behalf of all similarly situated employees at the University of Mississippi (UOM) brings this Class Action Complaint (CAC) alleging employment discrimination under Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Plaintiff files her response in opposition to defendants' motion to dismiss and memorandum of authorities in support thereof.

II.     The Undisputed Material Facts Alleged In Plaintiff's Class
        Action Complaint

i) From December 12, 2008 to March 19, 2021, at a UOM, eight (8) age, gender and race discrimination actions have been filed.(CAC ¶ 7.)

ii) On September 26, 2019, plaintiff Regina B. Johnson filed a charge of discrimination with the EEOC in Memphis, Tennessee. On February 16, 2021, EEOC issued plaintiff a Notice of the Right to Sue. (CAC ¶ 17.)

iii) On February 22, 2020, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") and has received her Dismissal and Notice of Rights dated February 16, 2021. Plaintiff's civil action was filed within ninety (90) days. (CAC ¶ 20.)

iv) On May 14, 2021, plaintiff filed this civil action against defendants UOM and Jones asserting claims under Title VII, ADEA, retaliation and 42 U.S.C. § 1983 during her UOM employment. In her Complaint (Doc. 1) filed on May 14, 2021, plaintiff asserted claims for violations of i) Section 703 of Title VII of the Civil Rights Acct of 1964; ii) Section 1981 of the Civil Rights Act of 1866; and iii) Section 704 of Title VII of the Civil Rights Act of 1964.

v) On August 5, 2021, defendants UOM and Jones moved to dismiss (Doc. 7) the action on the grounds that: i) plaintiff failed to exhaust remedies; ii) plaintiff failed to state a claim on behalf of a class; iii) Eleventh Amendment and qualified immunity; and iv) plaintiff failed to state a claim against defendant Jones. (Docs. 7 and 8).

2

vi) Plaintiff is an African American female who was formerly employed by UOM as the senior assistant director of human resources, who was hired on December 17, 1993 and who has experienced racial discrimination in one or more of the following areas of UOM's operations: initial assignments, promotions, compensation, opportunities for upward mobility and other terms and conditions of employment, pursuant to UOM's policy or practice of limiting employment opportunities for women, minorities and African Americans, as set forth in succeeding paragraphs herein. Her claim is typical of all the potential class members' claims of employment discrimination by UOM. The plaintiff will fairly and adequately protect the interests of the class in this action for declaratory, injunctive and equitable relief. (CAC ¶ 23.)

vii) Plaintiff is an African American female who was an employee of UOM since December 17, 1993 and was the senior assistant director of human resources until her forced termination on June 30, 2020. On information and belief, similarly situated and less qualified Whites are not forced by UOM to end employment in temporary positions. (CAC ¶ 27.)

viii) UOM is and was the employer of the plaintiff at all relevant times relevant to this action. The defendant is an employer within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1983 and employs more than 500 individuals. (CAC ¶ 28.)

ix) Clay Jones is the Director of Human Resources at UOM and had direct and personal participation and involvement in the termination of plaintiff's employment. (CAC ¶ 29.)

### III. Legal Arguments

3

A.     The Single Filing Rule Is Applicable And Tolled The Limitations Period

In this putative class action complaint, the single filing rule operates to toll the statute of limitations. A "carefully limited exception" to this exhaustion requirement, the "single filing rule," allows parties to "opt-in to a suit filed by any similarly situated plaintiff [without filing their own EEOC charges] under certain conditions." Bettcher v. Brown Sch., Inc., 262 F.3d 492, 493–94 (5th Cir.2001) (citing Anson v. Univ. Texas Health Science Ctr., 962 F.2d 539, 540 (5th Cir.1992))).

The Fifth Circuit has expressly adopted the single filing rule in suits brought by individuals. See, Price v. Choctaw Glove, 459 F.3d 595, 598 (5th Cir. 2006). The vicarious exhaustion of the single filing rule is available in some situations because, as the Fifth Circuit has recognized, "literal compliance does not always effectuate the requirement's purpose of promoting informal settlements." Id. at 598 (citing Crawford v. United States Steel Corp., et al., 660 F.2d 663, 666 (5th Cir.1981) (explaining that the purpose of the EEOC charge requirement is to ensure that the settlement of grievances be first attempted through the office of the EEOC)).

In certain circumstances, the Fifth Circuit has allowed a Title VII plaintiff to "piggyback" on the allegations contained in another Title VII plaintiff's EEOC charge. See Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 598 (5th Cir.2006). This "carefully limited exception" to the Title VII exhaustion requirement enables plaintiffs who have not filed EEOC charges to "join or intervene in a lawsuit in which the original, similarly situated plaintiff

4

had fully exhausted the administrative requirements." Id. This exception only applies, however, if the non-filing plaintiff is similarly situated to the filing plaintiff, the EEOC charge provided notice of the collective or class-wide nature of the charge, and the individual who filed the EEOC charge filed a lawsuit that the non-filing plaintiff is permitted to join. Id. at 599 (citing Bettcher v. Brown Schs., Inc., 262 F.3d 492, 494 (5th Cir.2001)).

            **B.**     **Plaintiff Concedes That Her EEOC Charge Of discrimination Did Not Check The Box For "Sex" And Her Sex Discrimination Should Be Dismissed.**

Since plaintiff and the putative class concede that she failed to exhaust her administrative remedies for sex and sex discrimination, this claim should be dismissed.

            **C.**     **Plaintiff's Class Action Complaint Plausibly Alleges Intentional Discrimination Based On Race, Age And Retaliation Under Title VII Of The Civil Rights Act Of 1964 and The Age Discrimination In Employment Act and 42 U.S.C. Section 1983.**

In employment discrimination cases, the Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) Iqbal plausibility standard applies in conjunction with the pleading standards set forth in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002). The Iqbal plausibility standard applies in conjunction with employment discrimination pleading standards. Iqbal was not meant to displace Swierkiewicz's teachings about pleading standards for employment discrimination claims because in Twombly, which heavily informed Iqbal, the Supreme Court explicitly affirmed the vitality of Swierkiewicz."); Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for all civil actions, and it applies to antitrust and

discrimination suits alike." (Internal quotation marks and citations omitted)).

At the pleading stage, Swierkiewicz teaches that a plaintiff is not required to come forth with allegations sufficient to make a prima facie case of employment discrimination or to satisfy the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Swierkiewicz, 534 U.S. at 510-11; see also Raj v. LA State Univ. 714 F.3d 322, 331 (5th Cir. 2013). Rather, "a complaint must include . . . a short and plaint statement of the claim . . .[that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (internal quotation marks omitted). "The facts required by Iqbal to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation. Chimm v. Univ. of Texas at Austin 836 F.3d 467, 470 (5th Cir. 2016).

        D.     Title VII

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an individual on the basis of "race, color, religion, sex or national origin," but it does not encompass claims based on general animus or hostility. 42 U.S.C. § 2000e-2(a). At the pleading stage, a complaint must allege the essential elements of an employment discrimination claim – that plaintiff suffered discrimination on the basis of protected status that resulted in an "adverse employment action." West v. City of Houston, 960 F.3d 736, 746 (5th Cir. 2020). To qualify as "adverse," an action must "cause a 'materially adverse

change in the terms and conditions of employment,' and not just 'mere inconvenience.' Cicalese v. University of Texas Med. Branch, 924 F.3d 762, 768 (5th Cir. 2019).

A plaintiff is required to set forth factual circumstances from which discriminatory motivation for adverse employment action can be inferred. Id. at 767-68. An inference of discrimination can arise from circumstances such as "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about other in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge" or "when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class." Cicalese, 924 F.3d at 768.

To state a valid claim under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, a plaintiff must allege that (1) employer pays different wages to employees on account of age. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002).

E. ADEA

Under the ADEA, "[i]t shall be unlawful for an employer to discharge any individual or otherwise discriminate against any individual because of or on account of the individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b) (emphasis added).

F. Retaliation Under Title VII

For a plaintiff to assert a claim against an individual defendant under § 1981, the plaintiff must allege facts that plausibly show that the defendant acted with a discriminatory or retaliatory intent and that such acts caused a sufficiently adverse action. These inquiries are informed by the relevant prima facie case for retaliation and race discrimination claims.

A plaintiff asserting a retaliation claim "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Zamora v. City of Houston, 798 F.3d 326, 331 (5th Cir. 2015).

G.     UOM's Eleventh Amendment Immunity is Avoided by Ex Parte Young

Plaintiff's suit against UOM and Clay Jones in his official capacity for only prospective injunctive and declaratory relief, not damages, and therefore the claims fall within the Ex Parte Young doctrine. See Fontenot v. McCraw, 777 F.3d 741, 752 (5th Cir. 2015). In determining whether the Ex Parte Young doctrine avoids the bar of the Eleventh Amendment, this court is to conduct a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. Horizon Maryland, Inc. v. Public Serv. Comm'n, 535 U.S. 635, 645 (2002).

It is plaintiff's position that there is an ongoing and continuing violation of federal law caused by the alleged racial discrimination, retaliation under Title VII and age discrimination under the ADEA and plaintiff's rights under  Section 1983 claims against a state actor. In reference to plaintiff's employment claims set out herein in particular, the Fifth Circuit follows

the rule that sovereign immunity does not bar equitable claims seeking prospective injunctive relief. See Severance v. Patterson, 566 F.3 490, 495 (5th Cir. 2009). In the event the plaintiff and other class members are successful in their equitable claims against the named defendants, prospective relief is required in the form of an order directing the UOM officials to reinstate plaintiff and to award back pay. Obviously, while plaintiff's termination remains in force, UOM is without authority to remedy plaintiff and the putative class members claims continue to suffer lost earnings, seniority, retirement and other benefits which Mississippi law requires. Therefor, it is submitted that the plaintiff's claims against the UOM fall squarely within Ex Parte Young, for declaratory equitable and injunctive relief.

> H.  Plaintiff Concedes The Fifth Circuit Has Held That 42 U.S.C. Section 1981 Does Not Give Rise To An Independent Cause Of Action Against A State Actor.

Since plaintiff and the putative class concede that she failed to exhaust her administrative remedies for sex and sex discrimination, this claim should be dismissed.

> I.  Plaintiff Concedes That The Complaint Fails To State A Federal Claim Against Clay Jones In His Individual Capacity Under Title VII, ADEA, Section 1981 And That He Should Be Dismissed.

Since plaintiff and the putative class concede that the claims, this claim should be dismissed.

SO MOVED this the 13th day of September, 2021.

Respectfully submitted,
REGINA JOHNSON, Plaintiff

9

BY:     s/Ellis Turnage
              ELLIS TURNAGE, Attorney for Plaintiff

OF COUNSEL:

Hon. Ellis Turnage, MSB# 8131
TURNAGE LAW OFFICE
108 North Pearman Avenue
Post Office Box 216
Cleveland, Mississippi 38732
Tel: (662)843-2811
Fax: (662)843-6133
eturnage@etlawms.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

_____ Hand delivering a copy hereof to each party attorney as listed below

_____ Depositing a copy hereof, postage paid, in the United States Mail, addressed to each party's attorney as listed below

_____ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to each party's attorney as listed below

_____ Telecopying a copy hereof to each party's attorney as listed below

 X  Electronically filing a copy of hereof with the Court's electronic case filing system which will send electronic mail notifications of the filing of the foregoing document to each party's attorney as listed below

_____ Sending via electronic mail to each party's attorney as listed below.

10

Hon. J. Cal Mayo, Jr.
Hon. Paul B. Watkins, Jr.
Hon. J. Andrew Mauldin
Hon. Breanna F. G. Young
MAYO MALLETTE PLLC
Post Office Box 1456
Oxford, Mississippi 38655
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com
byoung@mayomallette.com
Attorneys for Defendants

THIS the 13th day of September, 2021.

s/Ellis Turnage
ELLIS TURNAGE

11