IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGINA JOHNSON, ON BEHALF OF HERSELF
INDIVIDUALLY AND ON BEHALF OF ALL
SIMILARLY SITUATED PERSONS     PLAINTIFF

V.     CIVIL ACTION NO. 4:21-cv-00062-DMB-JMV

UNIVERSITY OF MISSISSIPPI AND
CLAY JONES, Individually and in His
Capacity as Director of Human Resources     DEFENDANTS

## DEFENDANTS' REBUTTAL IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff Regina Johnson has largely failed to defend the claims of which Defendants have sought dismissal. The few legal arguments she does make are unavailing, and most of her claims are due to be dismissed.

**1.** *Plaintiff has conceded or abandoned several of her claims.*

Plaintiff has expressly conceded her Title VII sex discrimination claim, her Section 1981 claim against the University, and her individual capacity Title VII, ADEA, and Section 1981 claims against Defendant Jones. These claims should be dismissed.

Plaintiff's brief does not address Defendants' arguments that Plaintiff cannot state an individual capacity Section 1983 claim against Defendant Jones or that Defendant Jones is entitled to qualified immunity.[1] Plaintiff has abandoned that claim, and it should also be dismissed. *See Seay v. Inst. of Higher Learning*, No. 3:20-CV-265-DMB-RP, 2021 U.S. Dist. LEXIS 132000, at *12 (N.D. Miss. July 15, 2021) (dismissing claim as abandoned where

---

[1] While preparing this rebuttal, undersigned counsel discovered a typographical error on page 17 of Defendants' primary brief [Doc. 8]. The first sentence of the second paragraph on that page should read, "Finally, Defendant Jones is entitled to qualified immunity with respect to Plaintiff's Section 1983 claim."

plaintiff failed to address 12(b)(6) argument); *see also Van Allen v. Jackson*, 2009 U.S. Dist. LEXIS 149671, *21 (S.D. Tex. Sept. 25, 2009) ("A plaintiff's failure to pursue a claim beyond a complaint constitutes abandonment.") (*citing Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

2. *The "single filing rule" does not excuse Plaintiff's failure to exhaust.*

Plaintiff is correct that the Fifth Circuit recognizes a "carefully limited exception" to the requirement of EEOC exhaustion that "will sometimes allow a non-filing plaintiff to join the lawsuit of a similarly situated litigant who has filed the statutorily mandated charge." *Bettcher v. Brown Schs., Inc.*, 262 F.3d 492, 493 (5th Cir. 2001). Plaintiff also correctly identifies the necessary conditions for the application of the single filing rule – that the plaintiff or class seeking to "piggyback" on an EEOC charge must be "similarly situated" to the person who actually filed the EEOC charge, that the charge must have provided some notice of the "collective or class-wide nature of the charge," and that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join. Pl.'s Rsp. Brf., at 4-5 [Doc. 23] (citing *Bettcher v. Brown Sch., Inc.*, 262 F.3d 492, 494 (5th Cir. 2001)). However, she does not explain how the class she purports to represent *actually meets* these conditions such that "piggybacking" is appropriate for the class. In fact, Plaintiff can satisfy only the third requirement of the single filing rule – she both filed an EEOC charge and the instant lawsuit.

As Defendants argued in their primary brief, the members of the purported class are not "similarly situated" to Plaintiff. While Plaintiff's Complaint baldly alleges she is "similarly situated" to all other members of the class, she does not allege facts that would establish that the class members were in similar positions to her, experienced similar employment actions as her, or answered to the same supervisors. *See White Glove Staffing, Inc. v. Methodist Hosps. of Dall.*,

No. 3:17-CV-1158-K, 2018 U.S. Dist. LEXIS 159831, at *7 (N.D. Tex. Sep. 19, 2018) ("A conclusory statement by a plaintiff that he or she is 'similarly situated' to another plaintiff is not enough to prove that the plaintiff satisfies the first requirement of the single-filing exception.").

Neither did Plaintiff's EEOC charge provide any indication she was alleging class-wide discrimination. The purpose of the single filing rule is to eliminate the need for employees with the "same grievance" against the same employer to file "identical complaints with the EEOC" before being able to file suit. *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006) (*citing Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498 (5th Cir. 1968)). However, "an administrative charge of one or more plaintiffs setting forth only personal claims of discrimination . . . is not sufficient to serve as the basis for an ADEA [or Title VII] class action." *Anson v. Univ. of Tex. Health Sci. Ctr.*, 962 F.2d 539, 541 (5th Cir. 1992) (*quoting Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986)). While a charging party need not identify herself as a class representative in her EEOC charge, "there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim." *Anson*, 962 F.2d at 542 (*quoting Tolliver v. Xerox Corp.,* 918 F.2d 1052, 1058 (2d Cir. 1990)).

> The entirety of Plaintiff's EEOC allegations are as follows:
>
> I began working for the above-named employer on December 17, 1993. My most recent position was Senior Assistant Director of Human Resources. I am the only Black manager in my department.
>
> On September 26, 2019, I was subjected to a hostile work environment when Director of Human Resources, Clayton Jones informed me that I could take a demotion or retire. I am aware of older White employees who have not been threatened with demotion or forced into retirement.
>
> I immediately filed an internal complaint with the Equal Opportunity of Regulatory Compliance office. In retaliation for filing my complaint, I have subjected to unequal terms and conditions of employment. I have been banned

>from my office and replaced with a younger White female and placed on administrative leave. Additionally, after filing my complaint, White staff and managers received raises. I believe I have been discriminated against because of my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. Also because of my age (49) in violation of the Age Discrimination in Employment Act (ADEA).

*See* Charge of Discrimination [Doc. 7-1]. Plaintiff only mentions *her* department, *her* supervisor, *her* internal grievance, *her* alleged replacement, and the retaliation to which she claims *she* was subjected. In no way did Plaintiff allege discrimination or retaliation against anyone but herself. Plaintiff makes no attempt to argue otherwise or to distinguish the authority cited in Defendants' briefing. Her class-wide claims should be dismissed because they were not administratively exhausted.

3.  ***Plaintiff did not plausibly state a claim on behalf of a class.***

Plaintiff is correct that she does not face a heightened pleading standard in this discrimination case. However, nothing about the Supreme Court's opinion in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), insulates a plaintiff in a discrimination suit from the same pleading standard – she must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); *see also Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021) (affirming dismissal of sex discrimination claims under *Swierkiewicz* where plaintiff's pleadings contained only "conclusory statements")

Even if Plaintiff had exhausted a class-wide discrimination claim on behalf of a purported class, her Complaint fails to plausibly state any such claims because it merely recites generalized and conclusory allegations. Plaintiff's brief does not discuss the class-wide allegations in her Complaint at all. She does not explain how she is similarly situated to the other members of the claimed class. She does not identify any examples of alleged discrimination or any statistics that

4

could plausibly support an inference that the University engaged in a pattern or practice of discrimination. Her class-wide claims should be dismissed.

4. *** Plaintiff cannot maintain a Section 1983 claim against the University or Jones.***

Plaintiff argues her Section 1983 claims against the University and Defendant Jones in his official capacity should survive under *Ex Parte Young* because she seeks prospective injunctive relief. As to the University, this argument ignores clearly established law that (1) the University is not a "person" for purposes of Section 1983 and (2) the Eleventh Amendment bars *all* actions against the University, even if the relief sought is injunctive. *See* Defs.' Brf., at 13-14 [Doc. 8]. As to Defendant Jones, Plaintiff does not dispute that he no longer works at the University or explain how he *ever* had the authority to grant the relief sought in her Complaint.

Moreover, as Defendants argued in their primary brief, Plaintiff's Section 1983 claim only invokes Title VII – it does not identify any other independent right Plaintiff claims the University violated. Defs.' Brf., at 15-16 [Doc. 8]. Because Title VII is the exclusive remedy for conduct that violates Title VII, *see Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 549 (5th Cir. 1997), Plaintiff's Section 1983 claim must be dismissed.

## Conclusion

This is not a class action case. The lack of any class-wide allegations in her EEOC charge and the generic nature of the class-wide allegations in her Complaint make clear that she never seriously considered it to be a class action claim or investigated it as such. The Court should narrow this case to the individual discrimination claims that Plaintiff has not conceded. Plaintiff's class action claims, her claims against Defendant Jones, and the other claims outlined in Defendants' briefing should be dismissed. Defendants request such other relief as the Court deems appropriate under the circumstances.

THIS, the 20th day of September, 2021.

        Respectfully submitted,

        THE UNIVERSITY OF MISSISSIPPI AND
        CLAY JONES

        */s/ Paul B. Watkins, Jr.*
        J. CAL MAYO, JR. (MB NO. 8492)
        PAUL B. WATKINS, JR. (MB NO. 102348)
        J. ANDREW MAULDIN (MB NO. 104227)
        BREANNA F. G. YOUNG (MB NO. 105536)
        ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com
byoung@mayomallette.com