IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**REGINA JOHNSON, on behalf of**     **PLAINTIFF**
**herself, Individually and on behalf**
**of all similarly situated persons**

V.     NO. 4:21-CV-62-DMB-DAS

**UNIVERSITY OF MISSISSIPPI**
**and CLAY JONES, Individually and**
**in his capacity as Director of Human**
**Resources**     **DEFENDANTS**

## OPINION AND ORDER

Regina Johnson alleges in a class action complaint that since her hire in December of 1993, the University of Mississippi and Clay Jones, the University's Human Resources Director, have engaged in discrimination in hiring, promoting, and compensating employees. The University and Jones have moved to dismiss Johnson's complaint. For the reasons explained below, the motion will be granted in part and denied in part.

**I**
**Procedural History**

On May 14, 2021, Regina Johnson, on behalf of herself and "all similarly situated persons," filed a complaint against the University of Mississippi and Clay Jones, individually and in his official capacity as the University's Director of Human Resources. Doc. #1. Johnson asserts four claims (without distinguishing whether they are brought against the University and/or Jones in either his official or individual capacity): (1) a race discrimination claim under Title VII; (2) a race discrimination claim under § 1981; (3) a retaliation claim under Title VII, on behalf of herself and class members; and (4) a § 1983 claim, on behalf of herself and class members, identical to

the retaliation claim.[1]  *Id.* at 11–13.

On August 5, 2021, the University and Jones filed a motion to dismiss Johnson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  Doc. #7.  They filed an answer to the complaint the same day.  Doc. #9.  The motion to dismiss is fully briefed.  Doc. #8, #23, #24.

## II
## Standard of Review

Motions under Rule 12(b)(1) challenge a court's subject matter jurisdiction.  "In assessing whether there is jurisdiction, courts may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must prove the plaintiff's grounds for entitlement to relief—including factual allegations in a complaint that when assumed to be true raise a right to relief above the speculative level."  *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021).  The court must "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff. But [the court] do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.* at 306–07 (cleaned up).

## III
## Factual Allegations

The University's "workforce and employees are … overwhelmingly white."  Doc. #1 at 1.

---

[1] Johnson also references age and gender discrimination in her complaint but does not include such in her four specific claims or seek any relief regarding such.  *See* Doc. #1 at 2–3, 11–13.

It "hires African Americans almost exclusively for, or makes initial assignments of newly hired African American employees almost exclusively to, low paying jobs offering limited compensation and opportunities for advancement, irrespective of their qualifications." *Id.* at 9. The University also fails "to inform qualified African American employees of managerial, supervisory and higher paying job openings, to recruit African American employees for such positions, or to permit them to transfer to such positions." *Id.* at 10.

At the University, African American employees are not compensated similarly to white employees and temporary or part-time African American employees are not promoted to full-time or permanent positions. *Id.* Additionally, the University "terminates, demotes and reprimands African American employees … and tolerates or encourages racially charged and hostile remarks and actions towards … African American employees by co-workers and supervisors." *Id.* at 10–11.

Johnson, an African American female, was employed by the University from December 17, 1993, until "her forced termination on June 30, 2020." *Id.* at 8. At the end of her employment, she was the Senior Assistant Director of Human Resources. *Id.* Johnson was "removed … by her white boss [and] her job duties were split between Craig Richmond (29-30 years old), a white male and Desha Ferguson, a white female age 40-41." *Id.* at 2. Jones was the Director of Human Resources at the University and was personally involved in the termination of Johnson's employment. *Id.* at 9.

Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 22, 2020.[2] *Id.* at 7. The charge states in its entirety:

---

[2] Johnson lists the filing date as September 26, 2019, in one instance and as February 22, 2020, in another. Doc. #1 at 6–7. Johnson's signature on the EEOC charge, which the defendants attached to their motion to dismiss, is dated February 21, 2020, which supports the February 22, 2020, filing date. *See* Doc. #7-1. Though Johnson did not attach the EEOC charge to her complaint, the EEOC charge may be properly considered in evaluating the motion to dismiss

3

> I began working for the above-named employer on December 17, 1993. My most recent position was Senior Assistant Director of Human Resources. I am the only Black manager in my department. On September 26, 2019, I was subjected to a hostile work environment when Director of Human Resources, Clayton Jones informed me that I could take a demotion or retire. I am aware of older White employees who have not been threatened with demotion or forced into retirement.
>
> I immediately filed an internal complaint with the Equal Opportunity of Regulatory Compliance office. In retaliation for filing my complaint, I have [been] subjected to unequal terms and conditions of employment. I have been banned from my office and replaced with a younger White female and placed on administrative leave. Additionally, after filing my complaint, White staff and managers received raises. I believe I have been discriminated against because of my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. Also because of my age (49) in violation of the Age Discrimination in Employment Act (ADEA).

Doc. #7-1 at PageID 32. Johnson received a "Notice of the Right to Sue" on February 16, 2021. Doc. #1 at 6.

## IV
## Analysis

The defendants argue Johnson's "class action claim should be dismissed because she failed to exhaust her administrative remedies or state a plausible claim on behalf of the purported class." Doc. #8 at 3. They also submit that Johnson "failed to exhaust her remedies for a sex discrimination claim[,] … has not stated a claim for relief against the University under 42 U.S.C. § 1981 or … § 1983, and any claims she purports to bring against Defendant Clay Jones must also be dismissed." *Id.*

### A. § 1981 Claims and Title VII Individual Capacity Claims

In response to the motion to dismiss, Johnson explicitly concedes that "the Fifth Circuit has held that 42 U.S.C. Section 1981 does not give rise to an independent cause of action against

---

because it is referenced in the complaint and central to Johnson's claims. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

a state actor" and "her complaint fails to state a federal claim against Clay Jones in his individual capacity under Title VII … and that he should be dismissed."[3]  Doc. #22 at 2.  As such, these claims will be dismissed.

### B.  § 1983 Claims against the University

The defendants argue that Johnson cannot bring a § 1983 claim against the University because it is not a "person" under the statute and that the University is entitled to Eleventh Amendment sovereign immunity.  Doc. #8 at 13.

"The purpose of the Eleventh Amendment is to recognize state sovereignty by shielding states, absent their consent or an explicit act of Congress, from money judgments assessed in federal court."  *Stratta v. Roe*, 961 F.3d 340, 350 (5th Cir. 2020).  "Pursuant to the Eleventh Amendment, a state's sovereign immunity in federal courts extends to private suits against state agencies, state departments, and other arms of the state."  *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 273 (5th Cir. 2020).  As a result of this immunity, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."  *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015).

There is no doubt that the University is an arm of the state entitled to sovereign immunity.  *See McNair v. Mississippi*, 43 F. Supp. 3d 679, 686–87 (N.D. Miss. 2014) (collecting cases).  Thus, unless Congress has clearly abrogated sovereign immunity or Mississippi has waived it, this Court lacks jurisdiction over the § 1983 claims against the University.

"Congress has not abrogated state sovereign immunity under § 1983."  *Spec's Fam.*

---

[3] To the extent her complaint may be read to assert sex discrimination or ADEA claims, Johnson explicitly concedes that "she failed to exhaust her administrative remedies for sex and sex discrimination" and the complaint fails to state an ADEA claim against Jones in his individual capacity such that those claims should be dismissed.  Doc. #23 at 5, 9.

*Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020). "Mississippi also has not waived its state sovereign immunity and consented to suit in federal court." *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (citing Miss. Code Ann. § 11-46-5(4)). Thus, this Court lacks jurisdiction over Johnson's § 1983 claims[4] against the University.[5]

### C. § 1983 Official Capacity Claims

For the same reasons explained above, sovereign immunity also bars § 1983 claims against Jones in his official capacity. *Spec's Fam.*, 972 F.3d at 681. However, even if the claims against Jones were proper, they would still be subject to dismissal based on the defendants' additional argument that because Jones is no longer employed at the University, he cannot provide Johnson with any prospective relief. Doc. #8 at 16. As proof Jones is no longer employed at the University, the defendants cite only a Louisiana State University website. *See id.* ("LOUISIANA STATE UNIVERSITY HR STAFF DIRECTORY, https://www.lsu.edu/hrm/staff_directory_departments.php (last visited August 5, 2021)"). Johnson argues her claims against Jones in his official capacity "fall within the Ex Parte Young doctrine."[6] Doc. #23 at 8.

"[T]he *Ex parte Young* exception permits suits for prospective relief against state officials acting in violation of federal law." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020). However, as the defendants point out, Johnson fails to argue or show that Jones is still employed by the University and able to provide her with the prospective relief

---

[4] This Court does have jurisdiction over Johnson's Title VII claims "because Congress has expressly abrogated sovereign immunity" under Title VII. *Raj v. La. State Univ.*, 714 F.3d 322, 329 n.4 (5th Cir. 2013).

[5] Even if the Court had jurisdiction over the § 1983 claims against the University, such claims are properly dismissed because, "state universities as arms of the state are not 'persons' under § 1983." *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007).

[6] Although Johnson also argues the *Ex parte Young* exception applies to her claims against the University, the exception does not apply because the University is not an individual. *See Raj*, 714 F.3d at 328.

she seeks.[7] *See* Doc. #23 at 8–9; *Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021) ("To be amenable to suit under the doctrine, the state actor must both possess the authority to enforce the challenged law and have a sufficient connection to the enforcement of the challenged act.") (cleaned up); *El-Bawab v. Jackson State Univ.*, No. 3:15-cv-733, 2018 WL 543040, at *3 (S.D. Miss. Jan. 24, 2018) (former university president who was no longer employed by the university was not a "proper part[y] under *Ex parte Young*"). Accordingly, Johnson's § 1983 claims against Jones in his official capacity will be dismissed without prejudice.

### D. Exhaustion of Title VII Class Claims

The defendants argue that because Johnson's EEOC charge "alleged specific isolated actions she claimed constituted unlawful discrimination," she has failed to exhaust administrative remedies as to the class claims because "[t]he EEOC's investigation of [her] allegations of individual discrimination could not have reasonably been expected to grow into an investigation of the University's treatment of *all* its African American employees in employment decisions far afield of the individualized allegations in [Johnson's] EEOC charge." Doc. #8 at 4, 7. In response, Johnson sets forth law related to "the single filing rule" and a Title VII plaintiff's ability "to 'piggyback' on the allegations contained in another Title VII plaintiff's EEOC charge." Doc. #23 at 4. However, as the defendants point out, Johnson "does not explain how the class she purports to represent *actually meets* [the necessary] conditions such that 'piggybacking' is appropriate for the class." Doc. #24 at 2.

"Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit but

---

[7] Jones does not challenge the content of the LSU website cited by the defendants to show Jones is not now employed by the University. However, the Court questions whether it is sufficient proof of such. Based on the Court's review of the website, it does reference a "Clayton Jones" but there is nothing demonstrating that the person referenced is actually the Jones defendant named in this lawsuit. *See Human Resource Management*, LOUISIANA STATE UNIVERSITY, https://www.lsu.edu/hrm/staff_directory_departments.php (last visited Jan. 14, 2022).

7

rather a prudential prerequisite ….." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 308 (5th Cir. 2018). To comply with the exhaustion requirement:

> [b]efore bringing an employment discrimination suit under Title VII, a plaintiff must file a preliminary charge with the EEOC within 180 days of the alleged discriminatory act. Under the single filing rule, also referred to as "piggybacking," similarly situated plaintiffs, who have failed to file administrative charges, or who have filed untimely charges, are permitted to piggyback on a timely-filed charge that gives the EEOC and the employer fair notice of allegations of class-wide discrimination. The single filing rule has been adopted in one form or another by the majority of Circuits.

*Greene v. City of Boston*, 204 F. Supp. 2d 239, 240–41 (D. Mass. 2002) (citing, among others, *Anson v. Univ. of Tex. Health Sci. Ctr.*, 962 F.2d 539, 541–42 (5th Cir. 1992)). While "[a] formal administrative charge need not specify that the claimant purports to represent a class or other's similarly situated, … 'there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim.'" *Cargo v. Kansas City S.*, No. 05-2010, 2009 WL 3012592, at *2 (W.D. La. Sept. 16, 2009) (quoting *Anson*, 962 F.2d at 543).

Here, Johnson's EEOC charge alleges that due to her race and age, she alone was forced by the head of one department to "take a demotion or retire;" replaced by a younger, white individual; and retaliated against after complaining of discrimination, in addition to receiving unequal pay. Doc. #7-1 at PageID 32. The class claims allege that the University discriminates on the basis of race in making initial assignments; informing employees of "managerial, supervisory and higher paying job openings;" applying "objective job-related criteria for promotions;" promoting "temporary or part-time employees to full-time/permanent positions;" and demoting employees. Doc. #1 at 9–10. The class action claims alleging discrimination by the University in all departments in hiring, promoting, compensating, and demoting are far broader than the specific discriminatory conduct to which only Jones was subjected as alleged in her EEOC

8


charge. In that regard, the class claims are not sufficiently "like or related to allegations contained in [Johnson's] charge" such that an EEOC investigation into the class claims would "reasonably be expected to grow out" of an investigation of the conduct in the charge. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273–74 (5th Cir. 2008) (EEOC investigation into two charges by employees who had never worked in a specific division and who did not complain about that division in their charges would not be expected to grow into an investigation of that division). And Johnson does not present any argument that the EEOC investigation actually encompassed such claims. *Cf. Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983) (plaintiff's individual EEOC charge exhausted class claims where record showed that the EEOC "directed questions to [the employer] not only as to [plaintiff's] individual situation, but also as to the makeup of [the employer's] total work force"). Accordingly, Johnson has failed to exhaust her class claims and such claims will be dismissed. However, in accordance with Fifth Circuit precedent, dismissal will be without prejudice. *See Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 n.2 (5th Cir. 2018).[8]

### E. Individual Title VII Claims against the University

Although the defendants move the Court "to dismiss Plaintiff's Complaint in its entirety," Doc. #7 at 2, they do not present any argument in relation to Johnson's individual, rather than class, Title VII race and retaliation claims against the University. The Court will not grant dismissal on these claims in the absence of any argument as to why dismissal is proper.

### F. Title VII Official Capacity Claims

The defendants argue Johnson's Title VII claims against Jones fail because "individuals

---

[8] Having determined that Johnson failed to exhaust her class claims, the Court need not consider the defendants' argument that she failed to state a class claim.

cannot be liable under Title VII … either in their individual or official capacity." Doc. #8 at 15. Johnson fails to address this argument in her response.[9] *See* Doc. #23. Regardless, "[t]he Fifth Circuit has held that relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Minnis v. Bd. of Sup'rs of La. State Univ. & Agric. & Mech. Coll.*, 972 F. Supp 2d 878, 888 (M.D. La. 2013) (dismissing individual and official capacity claims against school administrators) (collecting cases). As such, Johnson's Title VII claims against Jones in his official capacity are properly dismissed.

### G. § 1983 Individual Capacity Claims

The defendants argue that Johnson fails to state a § 1983 claim against Jones in his individual capacity because the only "constitutional or statutory violation by Jones for which [Johnson] seeks redress under Section 1983" is a violation of Title VII and, as such, must be addressed under that law. Doc. #8 at 16. They further argue Jones is entitled to qualified immunity because Johnson fails to allege a violation of her clearly established constitutional rights. *Id.* at 17–18. In response, other than to expressly concede that certain claims discussed above should be dismissed, Johnson does not address her claims against Jones in his individual capacity. Doc. #23 at 9. The defendants' reply argues that because Johnson failed to address their arguments that she cannot state a claim against Jones under § 1983 and that Jones is entitled to qualified immunity, she has abandoned those claims and they must be dismissed. Doc. #24 at 1. The Court agrees that Johnson's failure to respond amounts to an abandonment of the claims. *See City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp. 2d 430, 437 (S.D. Miss. 2012) ("Failure to address a claim results in the abandonment thereof."). These abandoned claims will be dismissed.

---

[9] As mentioned above, Johnson conceded the insufficiency of her Title VII claims against Jones in his individual capacity. Doc. #23 at 9.

# V
# Conclusion

The defendants' motion to dismiss [7] is **GRANTED in Part and DENIED in PART**. It is GRANTED such that Johnson's class claims, personal § 1981 and § 1983 claims against all defendants, and Title VII claims against Jones in both his official and individual capacities are **DISMISSED without prejudice**. It is DENIED in all other respects.

**SO ORDERED**, this 18th day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**