IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**REGINA JOHNSON, on behalf of**                                         **PLAINTIFF**
**herself, Individually and on behalf**
**of all similarly situated persons**

**V.**                                                                          **NO. 4:21-CV-62-DMB-DAS**

**UNIVERSITY OF MISSISSIPPI**
**and CLAY JONES, Individually and**
**in his capacity as Director of Human**
**Resources**                                                                                     **DEFENDANTS**

## OPINION AND ORDER

The University of Mississippi moves for summary judgment on "all claims." In response, Regina Johnson concedes to the dismissal of her Title VII race discrimination claim. As for Johnson's retaliation claim against the University, because the University failed to present argument addressing the claim in its initial memorandum brief, summary judgment will be denied.

**I**
**Procedural History**

On May 14, 2021, Regina Johnson, on behalf of herself and "all similarly situated persons," filed a complaint against the University of Mississippi and Clay Jones, individually and in his official capacity as the University's Director of Human Resources. Doc. #1. Johnson asserts four claims (without distinguishing whether they are brought against the University and/or Jones in either his official or individual capacities): (1) a Title VII race discrimination claim; (2) a § 1981 race discrimination claim; (3) a Title VII retaliation claim on behalf of herself and class members; and (4) a § 1983 claim on behalf of herself and class members, identical to the retaliation claim.[1]

---

[1] Johnson references age and gender discrimination in her complaint but does not include claims for such in her four specific claims or seek any relief regarding such. *See* Doc. #1 at 2–3, 11–13.

*Id.* at 11–13.

On August 5, 2021, the University and Jones filed a motion to dismiss Johnson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Doc. #7. In its "Opinion and Order" issued January 18, 2022, the Court granted the motion in part and dismissed "Johnson's class claims, personal § 1981 and § 1983 claims against all defendants, and Title VII claims against Jones in both his official and individual capacities." Doc. #26 at 11. However, the Court noted that "[a]lthough the defendants move[d] the Court 'to dismiss Plaintiff's Complaint in its entirety,' … they d[id] not present any argument in relation to Johnson's individual, rather than class, Title VII race and retaliation claims against the University." *Id.* at 9. The Court declined to "grant dismissal on these claims in the absence of any argument as to why dismissal [was] proper." *Id.*

After conducting discovery, the University filed a motion for summary judgment asking the Court "to grant summary judgment in its favor and to dismiss all claims stated." Doc. #49 at 2. The motion is fully briefed. Docs. #50, #52, #55.

**II**
**Discussion**

Although the University moves for summary judgment on "all claims," it incorrectly asserts that the only remaining claim against it is Johnson's race discrimination claim. As to that claim, it argues summary judgment is warranted because, among other reasons, Johnson did not suffer an adverse employment action. Doc. #50 at 4, 6. Consistent with its inaccurate assertion that only the race discrimination claim remains, the University's initial memorandum brief does not set forth law or argument related to the retaliation claim.

In response to the summary judgment motion, Johnson "concedes to the dismissal of her race discrimination claim." Doc. #52 at 7. She argues the University's summary judgment motion should be denied as to the retaliation claim because the University "failed to offer any specific

2

arguments as to why the retaliation claim is not valid" and the University should not "be allowed to raise new arguments in reply." *Id.* at 6. Johnson then proceeds to argue that she can establish a prima facie case of retaliation. *Id.* at 6–7.

The University replies that although it "mistakenly stated in its primary brief that [Johnson's] now-conceded race discrimination claim was her only remaining claim," it properly requested summary judgment on the retaliation claim because its motion referenced "all her remaining claims" and it "asserted that [she] had not suffered an adverse employment action and pointed out specific factual materials in support of its request for dismissal," which "would have been dispositive of her discrimination and retaliation claims." Doc. #55 at 9.

Because Johnson "concedes to the dismissal of her race discrimination claim,"[2] the Court deems this claim abandoned. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *see Kovac v. Wray*, 363 F. Supp. 3d 721, 747 (N.D. Tex. 2019) ("When a party fails to pursue a claim or defense beyond the party's initial complaint, the claim is deemed abandoned or waived."). Johnson's abandoned race discrimination claim will be dismissed and summary judgment on it will be denied as moot.

As for the retaliation claim, neither the University's motion nor its initial memorandum brief specifically requests summary judgment on the claim or puts forth any law or argument regarding it. While there is no dispute that an adverse employment action is an element of both a race discrimination claim and a retaliation claim, the University acknowledges that "the standard for proving an adverse employment action is different in the retaliation context than in the discrimination context." Doc. #55 at 4. So it follows that the University's argument related to an

---

[2] Doc. #52 at 7.

3

adverse employment action in a race discrimination analysis—without any indication that such argument also applies to Johnson's retaliation claim—does not put the retaliation claim properly before the Court for summary judgment purposes. And because "arguments cannot be raised for the first time in a reply brief," to the extent the University's motion for summary judgment could be read to include the retaliation claim, it will be denied in that respect. *See Edwards v. City of Tupelo*, No. 1:17-cv-131, 2020 WL 4679412, at *2 & n.2 (N.D. Miss. Aug. 12, 2020) (declining to consider "detailed arguments" in a reply rather than in the motion).

### III
### Conclusion

Johnson's abandoned race discrimination claim is **DISMISSED with prejudice**. The University's motion for summary judgment [49] is **DENIED as moot** with respect to the race discrimination claim and **DENIED** in all other respects.

**SO ORDERED**, this 20th day of December, 2022.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**